IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

| | |
|---|---|
| **SHENZHEN KANGXIANJU INTELLIGENT MANUFACTURING TECHNOLOGY CO., LTD.** <br><br> Plaintiff, <br> **V.** <br><br> **NEW CENTURY PRODUCTS LIMITED** <br><br> Defendant. | Civil Action No.: 1:24-cv-03851 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NATURE OF THE CASE**

Plaintiff Shenzhen Kangxianju Intelligent Manufacturing Technology Co., Ltd. ("Plaintiff"), as for its Complaint against Defendant New Century Products Limited ("Defendant" or "New Century") seeks a declaratory judgment that its offer for sale, sale manufacture, use and/or importation of its wagon stroller products does not infringe U.S. Patent Nos. 10,464,588 ("the '588 patent") (Exhibit 1) owned and/or enforced by Defendant. Plaintiff further seeks a declaratory judgment that the '588 patent is invalid. The need for such relief exists because Defendant has wrongfully accused Plaintiff of patent infringement and has caused Amazon to maintain the delisting of Plaintiff's wagon stroller products on Amazon.com. Plaintiff, therefore, states as follows:

**THE PARTIES**

1. Plaintiff is a Chinese entity with its principal place of business at 601 Pioneer Park, University Town, No.10 Lishan Road, Pingshan Community, Taoyuan Street, Nanshan District,

Shenzhen, China. Plaintiff imports and sells to consumers, retailers and distributors popular wagon stroller products.

2. Defendant is a Taiwanese entity with its principal place of business at 15F.-8, No. 97, Sec. 1, Xintai 5th Rd., Xizhi Dist., New Taipei City 221416, Taiwan. Defendant can be served with process through the correspondence address for the '588 patent: Muncy, Geissler, Olds & Lowe, P.C., 125 S. Royal St., Alexandria, VA 22314.

## JURISDICTION AND VENUE

3. This action seeks a declaration that Plaintiff's wagon stroller products do not infringe the '588 patent. It also seeks a declaration that the '588 patent is invalid. Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331, 1338(a) and (b) and 1367.

4. An actual, substantial, and continuing justiciable controversy exists between the parties with respect to which Plaintiff requires a declaration of its rights by this Court. Specifically, the controversy relates to Defendant's improper enforcement activities leading Amazon to de-list Plaintiff's wagon stroller products from Amazon.com.

5. This Court has personal jurisdiction over Defendant by reason of its transaction of business in this District related to the claims herein, including: the offer and sale of products, including wagon strollers, to customers and potential customers in this District and throughout Illinois, including wagon strollers which compete with wagon stroller products of Plaintiff which Defendant has improperly sought to interfere with the sale of; and making false claims of patent infringement by Plaintiff which have the purpose and effect of undermining Plaintiff's sale of its products through www.amazon.com.

6. Venue is proper in this District because a significant portion of the actions and omissions giving rise to the cause of action occurred in this District including where the effect of the conduct was felt. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

## FACTUAL BACKGROUND

7. Over the past twenty years, online retail marketplaces have revolutionized how companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

8. Amazon.com, Inc. ("Amazon") hosts the Amazon marketplace and its millions of product listings; it is U.S.-specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

9. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 167 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon established intellectual property complaint and enforcement systems primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism as used by Defenant in this case.

10. The Amazon's complaint and enforcement mechanisms are heavily weighted in favor of patent owners. It is against this backdrop that Defendant has reported to Amazon meritless patent infringement allegations against the Plaintiff's wagon strollers, specifically alleging infringement of the '588 Patent, and resulting in the potential delisting of Plaintiff's wagon strollers.

11. Plaintiff is engaged in the design, development, production and sale of maternal and infant products. Its products are recognized for offering consumers great value without compromising quality. Plaintiff sells products via Walmart, AliExpress and via e-commerce storefronts such as Amazon. Plaintiff sells on Amazon under the "Cochildor" storefront. Plaintiff's wagon strollers at issue are identified by ASIN Nos. B0CWD36HX7 and B0CWD6VNPT. Plaintiff's wagon strollers have been on sale on Amazon since at least February 23, 2024. The Amazon Marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for wagon strollers, Plaintiff needs its products listed in the Amazon Marketplace.

12. Defendant's ability to use Amazon's complaint and enforcement mechanisms as an inequitable injunction significantly harms Plaintiff. In addition to the direct effects of monetary losses, the delisting of products immediately results in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" Badge or the "Amazon Bestseller" designations which create a significant sales boost.

**COUNT I:**
**DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT**

13. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

14. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant as to the alleged infringement of the '588 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

15. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that Plaintiff does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '588 Patent.

16. For example, Plaintiff's wagon strollers do not meet each and every limitation of independent claim 1. Likewise, since the independent claim is not infringed, neither are their dependent claims. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

17. Regarding independent claims 1, Plaintiff's wagon strollers do not satisfy the requirement that "each lateral folding holder comprises an upper-front fence tube, a lower-front fence tube, an upper-back fence tube, a lower-back fence tube and a middle holder." Plaintiff's product does not use tubes. Plaintiff's wagon strollers also do not satisfy the claim requirement that "front ends of the upper-front fence tube and the lower-front fence tube are pivotally connected to the front wheel holder respectively . . . rear ends of the upper-back fence tube and the lower-back fence tube are pivotally connected to the rear

wheel holder respectively." In Plaintiff's product, nothing even arguably similar to the claimed tubes connects to the front or rear wheel holders.

18. Moreover, since Claims 1 and 11 are invalid, they cannot be infringed upon.

## COUNT II:
## DECLARATORY JUDGMENT OF PATENT INVALIDITY—'588 PATENT

19. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

20. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant as to the invalidity of the claims of the '588 patent.

21. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the claims of the '588 patent are invalid for failing to satisfy one or more of the statutory conditions of patentability, including 35 U.S.C. § 102 and/or 103, in light of the cited prior art references herein and any prior art references that may come to light during the course of discovery.

22. Under 35 U.S.C. § 102, claim 1 of the '588 patent is unpatentable over PCT/KR2017/009491 ("Choi 491") (attached hereto as Exhibit 2), US 5,915,723 ("Austin") (attached hereto as Exhibit 3), and JP 2016088193A ("Takeda") (attached hereto as Exhibit 4).

23. Under 35 U.S.C. § 102, claim 2 of the '588 patent is unpatentable over Choi 491. Under 35 U.S.C. § 103, claim 2 of the '588 patent is unpatentable over Austin in view of US 9,085,311 B1 ("Chen") (attached hereto as Exhibit 5) and/or Takeda in view of Chen.

24. Under 35 U.S.C. § 103, claim 3 of the '588 patent is unpatentable over Choi 491 in view of CN 205469169U ("Cui") (attached hereto as Exhibit 6) and/or US 2003/0025301A1 ("Banuelos") (attached hereto as Exhibit 7) or Takeda in view of Cui or Banuelos.

25. Under 35 U.S.C. § 103, claim 4 of the '588 patent is unpatentable over Choi 491 in view of Cui or Banuelos, or in the alternative, over Austin in view of Cui or Banuelos, or in the alternative, over Takeda in view of Cui or Banuelos.

26. Under 35 U.S.C. § 103, claim 5 of the '588 patent is unpatentable over Choi 491 in view of KR 101626778B1 ("Choi 778") (attached hereto as Exhibit 8) or, in the alternative, over Austin in view of Choi 778, or in the alternative, over Takeda in view of Choi 778.

27. Under 35 U.S.C. § 103, claim 6 of the '588 patent is unpatentable over Choi 491 in view of Chen, or in the alternative, over Austin in view of Chen, or in the alternative, under 35 U.S.C. 103 as being unpatentable over Takeda in view of Chen.

28. Under 35 U.S.C. § 102, claim 7 of the '588 patent is unpatentable as it is anticipated by Choi 491, or in the alternative, it is unpatentable under 35 U.S.C. 103 as it is rendered obvious by Austin in view of Cui, or in the alternative, by Takeda in view of Cui.

29. Under 35 U.S.C. § 102, claim 8 of the '588 patent is anticipated by Choi 491, or in the alternative, is rendered obvious under 35 U.S.C. 103 by Austin in view of Cui, or in the alternative, by Takeda in view of Cui.

30. Under 35 U.S.C. § 102, claim 9 of the '588 patent is unpatentable as being anticipated by Choi 491, or in the alternative, under 35 U.S.C. 103 as being unpatentable over Austin in view of Chen, or in the alternative, under 35 U.S.C. 103 as being unpatentable over Takeda in view of Chen.

31. Under 35 U.S.C. § 103, claim 10 is unpatentable over Choi 491 in view of Choi 778, and further in view of U.S. Patent No. 9,365,225 ("Henao") (attached as Exhibit 9), or in the alternative, over Austin in view of Choi 778, and further in view of Henao, or in the alternative, over Takeda in view of Choi 778, and further in view of Henao.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment as follows:

A. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against Plaintiff and to refrain from lodging any further infringement complaints regarding the same.

B. A declaration that Plaintiff's wagon strollers do not infringe any of the presumably valid claims;

C. A declaration that the claims of the '588 patent is invalid for failing to satisfy the statutory conditions for patentability;

D.      A declaration that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E.      Any and all other relief that is just and proper.

Dated:  May 10, 2024                                         Respectfully submitted,

By: /s/ Neal Massand
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

Ni, Wang & Massand, PLLC
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**Attorneys for Plaintiff**